460 So.2d 359 (1984)
Mark D. MIKENAS, Appellant,
v.
STATE of Florida, Appellee.
No. 64317.
Supreme Court of Florida.
November 1, 1984.
Rehearing Denied January 3, 1985.
*360 Allan van Gestel, Joseph L. Cotter and Margaret R. Hinkle of Goodwin, Procter & Hoar, Boston, Mass., for appellant.
Jim Smith, Atty. Gen., and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
ADKINS, Justice.
We have before us a direct appeal from the denial of a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In 1978, appellant was convicted of first-degree felony murder and of second-degree murder. The facts of the case are set forth in Mikenas v. State, 367 So.2d 606 (Fla. 1979). Appellant was sentenced to death for the first-degree felony murder and life imprisonment for the second-degree murder. Upon direct appeal, this Court affirmed the convictions but remanded for resentencing without further jury deliberations, because the trial judge considered a nonstatutory aggravating factor. Id. Appellant was again sentenced to death. This Court affirmed the sentence of death. Mikenas v. State, 407 So.2d 892 (Fla. 1981). Certiorari was sought in the United States Supreme Court on the issue of nonstatutory aggravating evidence being presented. The petition was denied. Mikenas v. State, 456 U.S. 1011, 102 S.Ct. 2307, 73 L.Ed.2d 1308 (1982). Appellant appeared before the Clemency Board in January, 1983. The motion for post-conviction relief followed. An evidentiary hearing was held on June 22 and June 23, 1983, and relief was denied on August 30, 1983. This appeal followed.
Appellant alleged the following six grounds for relief in his rule 3.850 motion: 1) that appellant's sentence of death was based on an invalid guilty plea; 2) that appellant was denied effective assistance of counsel; 3) that appellant's death sentence was excessive and disproportionate; 4) that the Florida capital sentencing statute is unconstitutional; 5) that Florida procedures allowing rebuttal of mitigating circumstances violate the due process clause; 6) that appellant's death sentence was based on improper application of aggravating and mitigating circumstances and inadequate findings of fact. Appellant's fourth *361 ground for relief is without merit. His third, fifth and sixth grounds stated are issues which either were or could have been raised on direct appeal. Those issues are not cognizable through collateral attack and therefore are precluded from our consideration. Demps v. State, 416 So.2d 808, 809 (Fla. 1982); Meeks v. State, 382 So.2d 673, 675 (Fla. 1980).
However, appellant does raise two issues which are appropriate for collateral attack. He first alleges that his sentence of death was based on an invalid guilty plea. More specifically, he contends that his guilty plea was not knowing and voluntary. This Court has held that the voluntariness of a plea is a recognized ground for relief in a 3.850 proceeding. See Robinson v. State, 373 So.2d 898 (Fla. 1979). The appellant has the burden of showing his plea was not knowingly and voluntarily entered. State v. Gomez, 363 So.2d 624 (Fla. 3d DCA 1978), overruled on other grounds, Hallman v. State, 371 So.2d 482 (Fla. 1979).
Appellant argues his plea was not knowing and voluntary in four respects. He argues his plea was involuntary, 1) because of his physical and mental condition; 2) because he believed a plea bargain had been reached; 3) because he was not informed of the consequences of his plea; and, 4) because he received ineffective assistance of counsel.
Regarding his first point, the record demonstrates that appellant understood what was going on and was able to assist in his own defense. Furthermore, appellant could and did talk intelligently with counsel about his plea and fully understood the nature and consequences of that plea.
Concerning appellant's second point, the law is that a plea of guilty must be voluntarily made by one competent to know the consequences of that plea and must not be induced by promises, threats or coercion. Hooper v. State, 232 So.2d 257 (Fla. 2d DCA 1970); Young v. State, 216 So.2d 497 (Fla. 2d DCA 1968); and Reddick v. State, 190 So.2d 340 (Fla. 2d DCA 1966). The record shows that appellant's plea was not the result of promises, threats or coercion.
As for appellant's third point, due process requires that a court accepting a guilty plea carefully inquire into its voluntary nature. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 1712-13, 23 L.Ed.2d 274 (1969). When appellant entered his plea, Florida Rule of Criminal Procedure 3.170(j) set forth the procedure to be followed to satisfy the due process requirements enunciated in Boykin. Under Florida Rule of Criminal Procedure 3.170(j), trial courts are charged with determining on the record "that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness... ." We find that the April 12th plea hearing sufficiently complied with this rule. The plea was taken in open court and was properly recorded. The record reflects that appellant understood the nature of the charges against him and the consequences of his plea. Contrary to appellant's assertions, the plea hearing was not superficial and the trial judge asked questions in such a manner that appellant would fully understand the significance of his plea and of its voluntariness.
Regarding appellant's final point, it is axiomatic that an attorney is obligated to advise his client of all plea offers, the choice of alternatives available and the course of action he deems appropriate under the circumstances. See Fla.R.Crim.P. 3.171. Counsel has fulfilled these requirements in the instant case. Accordingly, we hold that appellant has failed to establish that his plea was involuntary for any one of the allegations made in his 3.850 petition.
Appellant next alleges that he was denied effective assistance of counsel during the course of the penalty trial. In his claim of ineffective assistance appellant alleges, 1) counsel failed to investigate, prepare and present critical evidence; 2) counsel failed to move properly for the recusal of the sentencing judge; 3) counsel breached his duty to introduce nonstatutory mitigating evidence; 4) counsel made damaging concessions, failed to raise objections adequately and failed to request jury instructions; *362 5) counsel permitted the entry of the guilty plea without any assurance that the plea would result in tangible sentencing benefits; and, 6) counsel's acts and omissions prejudiced appellant.
Since the filing of this appeal, the Supreme Court of the United States has rendered its decision in Strickland v. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), enunciating the standards to be applied in determining whether a defendant was denied his sixth amendment right to effective assistance of counsel. The test set forth in that case does not "differ significantly" with the test espoused by this Court in Knight v. State, 394 So.2d 997 (Fla. 1981); Jackson v. State, 452 So.2d 533, 535 (Fla. 1984). See also Downs v. State, 453 So.2d 1102 (Fla. 1984).
In Strickland, the United States Supreme Court held that a defendant's claim of ineffective assistance of counsel has two components:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
104 S.Ct. at 2064.
In explaining the appropriate test for proving prejudice, the Court stated that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 2068.
The Court further noted that:
Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134 (1982), 102 S.Ct. 1558, 1574-75, 71 L.Ed.2d 783 (1982).
Id. at 2065.
In applying the principles of Strickland v. Washington to this case, we find that appellant's claim of ineffective assistance of counsel must fail. The facts developed in the record clearly reflect that the conduct of appellant's counsel was not unreasonable under the circumstances. The record shows that counsel properly investigated and prepared the case and that his strategy and decisions were not outside the range of professionally competent counsel. Even if this Court had found counsel's performance to be deficient, we would also have concluded that the deficient performance did not prejudice the appellant.
Accordingly, the denial of appellant's 3.850 motion is hereby affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.