510 So.2d 1230 (1987)
Bruce D. ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. BS-66.
District Court of Appeal of Florida, First District.
August 13, 1987.
Bruce D. Rogers, pro se.
Robert A. Butterworth, Atty. Gen., and Patricia Conner, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant seeks review of the trial court's summary denial of his motion for *1231 post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse in part, and remand with directions.
Although appellant presents three grounds for relief which include a large number of allegations under each, only those claims predicated on allegations of ineffective assistance of counsel are cognizable through collateral attack and set out a prima facie case for relief. The others could have been raised on direct appeal and are, therefore, precluded from consideration in a 3.850 motion. Mikenas v. State, 460 So.2d 359, 361 (Fla. 1984); Richardson v. State, 491 So.2d 1242, 1243 (Fla. 1st DCA 1986). The trial court's order denying the motion states that after a review of the motion, the state's response thereto, appellant's rebuttal to the state's response, and the official court file, the court found the motion insufficient upon its face to support the relief requested.
Before ruling on the merits of appellant's claims, we requested the Attorney General's office to file a brief addressing only the allegations of ineffective assistance of counsel which appellant raised in the motion. Thereafter, we granted the state's requests to supplement the record on appeal and for an extension of time to file a brief. The state's latest motion asks that we relinquish jurisdiction to the trial court for the purpose of clarification of the order denying relief. We decline the request because it appears to be more expedient to reverse and remand for further proceedings as it appears that the trial court's order is deficient.
Where, as in the instant case, a 3.850 motion makes out a prima facie case for relief, the rule requires the trial court (1) to attach to the order a copy of that portion of the record which conclusively shows the prisoner is entitled to no relief, or (2) to conduct further proceedings in accordance with Rule 3.850. Havis v. State, 506 So.2d 3, 4 (Fla. 1st DCA 1987); Hampton v. State, 504 So.2d 57 (Fla. 1st DCA 1987); Gust v. State, 504 So.2d 61 (Fla. 1st DCA 1987); Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). Neither course was followed in this case.
The order clearly states that the trial court consulted the official court file to determine the sufficiency of the motion's allegations. We find this to be a tacit recognition that the motion presents a facially sufficient claim for relief. Accordingly, we reverse and remand with directions to the trial court to comply with Rule 3.850. Our reversal concerns only appellant's ineffective assistance of counsel claims. In all other respects, the order is affirmed.
Reversed and remanded for proceedings consistent with this opinion.
WIGGINTON and ZEHMER, JJ., concur.