516 So.2d 280 (1987)
Wayne Floyd BATESON, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-404.
District Court of Appeal of Florida, First District.
November 5, 1987.
On Motion for Rehearing December 23, 1987.
Wayne Floyd Bateson, pro se.
Robert A. Butterworth, Atty. Gen., and Elizabeth Masters, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
This is an appeal from the trial court's denial of appellant's motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse in part, and remand with directions.
*281 Although appellant presents numerous allegations which he maintains entitle him to relief, his claims predicated on ineffective assistance of counsel are the only claims cognizable on a collateral attack on his convictions for sexual battery and kidnapping. The other allegations raised in the motion were or could have been raised on direct appeal and are, therefore, precluded from review in a rule 3.850 motion. Mikenas v. State, 460 So.2d 359, 361 (Fla. 1984); Rogers v. State, 510 So.2d 1230 (Fla. 1st DCA 1987).
Before deciding the merits of appellant's claims, we requested the Office of the Attorney General to file a brief addressing only the allegations of ineffective assistance of counsel raised in the motion. After careful consideration of the points raised by appellant and of the brief filed by the Assistant Attorney General, we have determined that only one of the allegations of ineffective assistance of counsel merits further consideration.
Appellant was charged in a two-count information with sexual battery, under section 794.011(3), Florida Statutes, and with kidnapping under section 787.01(1)(a)2., Florida Statutes. The statutory provision with which we are concerned is section 794.011(3), which sets forth the offense of sexual battery committed by a threat to use a deadly weapon or the use of actual physical force likely to cause serious personal injury.[1] Appellant contends trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of sexual battery as to count one.
Florida Rule of Criminal Procedure 3.510(b)[2] provides that the jury may convict a defendant for an offense which "as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the ... information," so long as the evidence in the case will support the lesser included offense. The law is well settled that the trial court has no discretion to refuse a defense request to instruct on necessarily lesser included offenses, i.e., "a lesser offense that is always included in the major offense." State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986). Pursuant to the Schedule of Lesser Included Offenses in Florida Standard Jury Instructions (Criminal), the category 1 or "necessarily," lesser included offenses of subsection (3) sexual battery are: (1) battery, in violation of section 784.03, Florida Statutes;[3] and (2) sexual battery, in violation of section 794.011(5), Florida Statutes.[4] The offense of battery is a first degree misdemeanor, for which a maximum sentence of one year may be imposed. Section 775.082(4)(a), Fla. Stat. (1983). The offense of sexual battery under section 794.011(5) is a second degree felony punishable by a maximum sentence of fifteen years. Section 775.082(3)(c), Fla. Stat. (1983). In any case in which there is sufficient proof of *282 the greater offense to go to the jury, there is proof of a lesser offense which is necessarily included within the offense charged. Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), petition for review denied, 444 So.2d 418 (Fla. 1984), citing Brown v. State, 206 So.2d 377 (Fla. 1968).
The defendant's entitlement to an instruction on lesser included offenses is grounded upon his right to an instruction that affords the jury an opportunity to exercise its "pardon power." State v. Wimberly, 498 So.2d at 932; State v. Baker, 456 So.2d 419, 422 (Fla. 1984); State v. Bruns, 429 So.2d 307 (Fla. 1983); Mosley v. State, 482 So.2d 530, 532 fn. 1 (Fla. 1st DCA) approved by 492 So.2d 1071 (Fla. 1986); Weller v. State, 501 So.2d 1291, 1292 (Fla. 4th DCA 1986).
On the basis of the record before this court, it appears the evidence in this case is consistent with and would support a finding of guilt on a section 794.011(5) charge. Since it is conceivable that defense counsel's failure to request a jury instruction as to the lesser included offenses of count one deprived appellant of the possibility of a "jury pardon," we reverse that portion of the order denying post-conviction relief only as it pertains to trial counsel's failure to request a jury instruction on the lesser included offenses on the count one charge of sexual battery.
Accordingly, this cause is reversed and remanded with directions to the trial court to conduct further proceedings as provided in rule 3.850, on the issue of defense counsel's failure to request a jury instruction on lesser included offenses as to count one. In all other respects, the order denying the motion for post-conviction relief is affirmed.
WIGGINTON and ZEHMER, JJ., concur.

ON MOTION FOR REHEARING
The state raises two arguments in its motion for rehearing of this court's opinion filed November 5, 1987. First, the state attaches copies of the record in support of its contention that the trial court instructed the jury fully on the lesser included offenses of sexual battery. This is not an acceptable practice. This court has held that "[i]t is inappropriate to have the state select portions of the record below to support the appealed order when the trial court has not previously done so." Thames v. State, 454 So.2d 1061, 1066 (Fla. 1st DCA 1984).
Second, while conceding that the jury was not instructed as to section 794.011(4), Florida Statutes, the state attempts to interpret our opinion as meaning that instructions on category two offenses are not required. We suggest that this is an erroneous interpretation of this court's opinion. Whether a category two instruction should be given depends upon the circumstances of a given case. Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983), review denied, 475 So.2d 222 (Fla. 1985). While our opinion specifically addressed category one lesser included offenses of section 794.011(3), it did not rule out the possibility that a failure to request a category two lesser included offense would, in the circumstances of a particular case, constitute ineffective assistance of counsel. Accordingly, the state's motion is denied.
We have determined that the motion for post-conviction relief is not insufficient on its face, insofar as the claim of ineffective assistance of counsel pertains to the failure to request a jury instruction as to lesser included offenses of sexual battery. Therefore, upon remand, the trial court may either attach portions of the files and records that conclusively demonstrate appellant is entitled to no relief, or conduct an evidentiary hearing on this issue.
In our review of the original opinion pursuant to the state's motion for rehearing, we have discovered an error which resulted from our reliance upon an outdated copy of the schedule of lesser included offenses. Therefore, we correct the opinion filed November 5, 1987, in the following respect. Section 794.011(5), Florida Statutes is a category two lesser included offense of section 794.011(3), and is not a category one or "necessarily" lesser included offense of section 794.011(3), as stated in our opinion. *283 See Fla.Std. Jury Instr. (Crim.), Schedule of Lesser Included Offenses (May 1987).
Except as modified hereby, we adhere to the original opinion filed in this case.
NOTES
[1] s. 794.011(3), Fla. Stat. (1983), provides:

(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] Fla.R.Crim.P. 3.510(b), provides:

Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of: (b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
[3] s. 784.03, Fla. Stat. (1983), provides:

(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
(2) Whoever commits battery shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[4] s. 794.011(5), Fla. Stat. (1983), provides:

(5) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses physical force and violence not likely to cause serious personal injury shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.