DANIEL, Judge.
The defendant filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, which was summarily denied without a hearing based on the trial court’s determination that the files and records conclusively showed that the defendant was not entitled to relief, and the issues raised could have or should have been raised by direct appeal. No portion of the file was attached to the trial court’s order.
We agree that most of the issues raised by the defendant are matters which are barred from consideration in a collateral proceeding because they could have or should have been raised on appeal. See e.g., Cave v. State, 529 So.2d 293 (Fla.1988); McCrae v. State, 510 So.2d 874 (Fla.1987). However, the contentions that defendant received ineffective assistance of counsel and that his plea was not freely and voluntarily made are proper grounds for collateral relief. See e.g., Francis v. State, 529 So.2d 670 (Fla.1988); Mikenas v. State, 460 So.2d 359 (Fla.1984).
We find that defendant’s allegations as to these grounds, although perhaps not artfully drawn, are legally sufficient to preclude summary disposition. See Harich v. State, 484 So.2d 1239 (Fla.), cert. denied, 476 U.S. 1178, 106 S.Ct. 2908, 90 L.Ed.2d 993 (1986) (Rule 3.850 movant is entitled to an evidentiary hearing unless the motion and record conclusively show that, accepting the allegations as true, movant is not entitled to relief). Accordingly, the order denying relief is reversed as it relates to the claims of ineffective assistance of counsel and the involuntary nature of the plea, and this case is remanded for further proceedings including, if necessary, evidentia-ry hearings on those grounds. In all other respects the order is affirmed.
AFFIRMED in part and REVERSED in part.
DAUKSCH and COWART, JJ., concur.