555 So.2d 452 (1990)
Donald Alton SMOTHERS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1926.
District Court of Appeal of Florida, Fifth District.
January 18, 1990.
Donald Alton Smothers, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
The trial court denied defendant's motion for post-conviction relief without an evidentiary hearing or attaching portions of the record. Rule 3.850, Florida Rules of Criminal Procedure, requires that unless a motion is legally insufficient on its face, the trial court must attach portions of the files and records conclusively showing that the defendant is not entitled to relief. Although inartfully drawn, defendant's motion clearly alleges that his plea was not knowingly entered with a full understanding of the consequences. This is a proper ground for post-conviction relief. See, e.g., Mikenas v. State, 460 So.2d 359 (Fla. 1984). Since the motion is legally sufficient, the trial court should have attached portions of the record refuting defendant's claim or, alternatively, held an evidentiary hearing regarding such claim.
In its response to the appeal, the state attempted to remedy the trial court's oversight by providing portions of the record below. However, as the court held in Bateson v. State, 516 So.2d 280 (Fla. 1st DCA 1987), it is inappropriate for the state to designate which records refute defendant's allegations. Accordingly, the order denying defendant's motion for post-conviction relief is reversed and the case is remanded for further proceedings consistent herewith.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.