555 So.2d 452 (1990)
Elliott R. SUBERVI, Petitioner,
v.
Hon. Jeffords D. MILLER, Circuit Judge, Etc., Respondent.
No. 89-2587.
District Court of Appeal of Florida, Fifth District.
January 18, 1990.
*453 C. Nathaniel White, Ft. Meade, for petitioner.
No Appearance, for respondent.
DAUKSCH, Judge.
Petitioner seeks our writ of prohibition alleging that he should have been discharged from pending criminal proceedings because of a violation of his speedy trial rights. He is a prisoner in New Jersey and Florida authorities have placed a detainer against him. He will be turned over to Florida authorities upon expiration of his New Jersey sentence, or release from their prison.
He says the Interstate Agreement on Detainers requires a state issuing a detainer to take to trial an out-of-state prisoner who files a proper request for trial within 180 days.
Section 945.41(3)(a), Florida Statutes (1987) states:
Whenever a person has entered upon a term of imprisonment in a penal or correctional institution in a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition
.....
We must deny the petition because petitioner is charged in Florida with violation of probation, and he is not seeking a trial of any "untried indictment, information, or complaint."
Carchman v. Nash, 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985) is on point and it holds that "[A] detainer based upon a probation-violation charge is not a detainer based on `any untried indictment, information or complaint,' within the meaning of [the act]."
PETITION DENIED.
COBB and HARRIS, JJ., concur.