SMITH, Judge.
This is an appeal from a denial of a petition for writ of habeas corpus, alleging ineffective assistance of trial counsel. We affirm.
A brief recitation of prior proceedings involving petitioner is necessary to an understanding of the present appeal. This case originated when the appellant was charged by information with sexual battery by use of actual physical force likely to cause serious injury, contrary to section 794.011(3), Florida Statutes (1983), and kidnapping with intent to commit sexual battery, contrary to section 787.01(1)(a)2., Florida Statutes (1983). He was found guilty as charged, and the convictions were affirmed by this court. Bateson v. State, 441 So.2d 634 (Fla. 1st DCA 1983).
In April 1986, appellant filed a motion for postconviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, raising, among other things, ineffective assistance of counsel for failure to request a jury instruction on the lesser included offenses of sexual battery as contained in sections 794.011(4)(b) (threat of force), and (5) (force not likely to cause serious injury). The court denied the motion. On appeal, we held, in Bateson v. State, 516 So.2d 280 (Fla. 1st DCA 1987) {Bateson II), that on the basis of the record then before us, there appeared to be evidence to support a finding of guilt based on subsection (5), which was described (erroneously) as a *499 “category one” lesser included offense. Therefore, defense counsel’s apparent failure to request such an instruction conceivably denied the jury the opportunity to find the appellant guilty of a lesser included offense. We remanded for further proceedings on the issue of defense counsel’s failure to seek such an instruction. Id. at 282. The state then filed a motion for rehearing, contending that the jury was fully instructed on the lesser included offenses, except subsection (4)(b), a category two lesser included offense. The state assumed that this court's opinion in Bateson II, supra, did not mandate an instruction on category two lesser included offenses. This court issued an opinion on rehearing pointing out that while the original opinion specifically addressed category one lesser included offenses of section 794.011(3), we did not rule out the possibility that failure to request a category two lesser included offense instruction may have constituted ineffective assistance of counsel. We noted that the propriety of such an instruction would depend, of course, on the facts of the case. It was also noted on rehearing that this court erroneously described section 794.011(5) as a category one lesser included offense, when in fact it is a category two lesser included offense.
On remand, the trial court denied the 3.850 motion, and no appeal was taken. We note, in passing, based upon the record in this case, that the appellant was not advised of his right to appeal. This oversight, although an obvious error, is of no consequence in the disposition of the matter presently before us.
Appellant subsequently filed a petition for writ of habeas corpus, which is the subject of the present appeal, alleging ineffective assistance of counsel for failure to request a jury instruction only as to subsection (4)(b). Following a hearing, the ha-beas petition was denied on the ground that the petition was actually a successive 3.850 motion, and that the unappealed order issued following remand was disposi-tive of "the habeas petition.
Upon our examination of the record now before us, we find that appellant has not stated a prima facie case of ineffective assistance. The petition and our files reveal that appellant was charged with committing “a sexual battery upon and without the consent of (victim), a person over the age of 11 years, and in the process thereof used actual physical force likely to cause serious injury ...” In order to be instructed on a category two offense, both the accusatory pleading and the evidence must support the commission of the lesser included offense. State v. Daophin, 533 So.2d 761 (Fla.1988). Appellant does not claim that the information supports a charge of sexual battery by threat of force, and so the failure of appellant’s counsel to request an instruction on subsection (4)(b) could not have prejudiced him. Appellant therefore fails to make a meritorious argument. Accordingly, we affirm the denial of the petition for a writ of habeas corpus.
ERVIN and NIMMONS, JJ., concur.