571 So.2d 118 (1990)
Louis C. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1918.
District Court of Appeal of Florida, Fifth District.
December 20, 1990.
*119 Louis C. Davis, Raiford, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David G. Mersch, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal of the summary denial of a Rule 3.850 motion. Defendant pled no contest to one count of kidnapping and two counts of sexual battery and was sentenced to thirty years incarceration. This court affirmed the conviction and sentence without opinion. See Davis v. State, 559 So.2d 1151 (Fla. 5th DCA 1990). The only issue raised on appeal was whether the trial court erred in departing from the sentencing guidelines for improper or unsupported reasons.
Defendant contends in his Rule 3.850 motion that he entered his no contest plea after being advised by his counsel and the court that he would receive a sentence within the guideline range of twelve to seventeen years and defendant claims he was not told that he could withdraw his plea when he was given a departure sentence of thirty years. The trial judge denied defendant's motion, finding that the issue raised could and should have been raised on appeal and is not cognizable in a Rule 3.850 motion. Defendant filed a timely appeal.
The state, in the response ordered by this court, concedes that a claim that a plea was entered involuntarily is a valid basis for relief pursuant to Rule 3.850. See Mikenas v. State, 460 So.2d 359 (Fla. 1984); Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990); Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990); Ward v. State, 545 So.2d 523 (Fla. 5th DCA 1989); Joseph v. State, 540 So.2d 260 (Fla. 5th DCA 1989).
When a trial court summarily denies a motion for post-conviction relief without holding an evidentiary hearing or attaching portions of the record to refute the allegations, review is limited to determining whether, accepting the allegations as true, the motion conclusively shows the defendant is not entitled to relief. See Kennedy v. State, 547 So.2d 912 (Fla. 1989); Gorham v. State, 521 So.2d 1067 (Fla. 1988); Squires v. State, 513 So.2d 138 (Fla. 1987); Harich v. State, 484 So.2d 1239 (Fla. 1986). In this case, the state concedes that the motion is legally sufficient on its face. Accordingly, the trial court's order is reversed and the case remanded for the court to either attach those portions of the record which refute the claims or to hold an evidentiary hearing.
REVERSED AND REMANDED.
COBB, COWART and GOSHORN, JJ., concur.