573 So.2d 979 (1991)
Charles GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1828.
District Court of Appeal of Florida, Fifth District.
January 24, 1991.
Charles Griffin, Blountstown, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
Defendant filed a Rule 3.850 motion seeking to vacate his conviction for aggravated battery on the ground that his plea was coerced by his attorney. Defendant also claims he was entitled to additional jail time credit. The trial judge denied the defendant's motion without holding an evidentiary hearing or attaching portions of the record to refute the defendant's claims. In such circumstances, review is limited to determining whether the motion on its face conclusively shows that the defendant is not entitled to relief. Since the allegation that a plea was involuntarily entered is a legally sufficient ground for post-conviction relief, the order must be reversed. See Mikenas v. State, 460 So.2d 359 (Fla. 1984); Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990). The state's attempt to cure the trial court's oversight by supplementing the record on appeal is improper. See Smothers, Id. Since the record before this court also fails to refute the defendant's claim that he is entitled to additional jail time credit, the issue should also be addressed by the trial court. On remand, the trial court can attach and incorporate portions of the record which conclusively *980 show that the defendant is entitled to no relief or order the state to answer the motion and hold an evidentiary hearing if appropriate.
REVERSED and REMANDED FOR FURTHER PROCEEDINGS.
W. SHARP and COWART, JJ., concur.