582 So.2d 796 (1991)
Charlie Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 91-538.
District Court of Appeal of Florida, Fifth District.
July 18, 1991.
Charlie Lee Smith, Lake Butler, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Smith seeks to appeal from an order which summarily denied his motion for relief pursuant to Florida Rule of Criminal Procedure 3.850. Sua sponte we question whether we have jurisdiction to consider this appeal because there is apparently no written, signed order by the trial judge denying Smith's motion, which was properly "rendered" as contemplated by Florida Rules of Appellate Procedure 9.140(g) and 9.110(b).
The motion was filed in September of 1990. The first page of the motion is stamped "denied," with a handwritten date *797 (10/1/90) and the judge's handwritten initials above the stamp of his name. There is no further indication to show that this denial was ever "rendered," i.e., filed in the record.[1]
Such similarly signed and dated stamped orders, placed on top of pleadings previously filed, have been held insufficient to invoke the appellate court's jurisdiction. See Johnson v. State, 573 So.2d 1021 (Fla. 1st DCA 1991); State v. Moore, 563 So.2d 115 (Fla. 2d DCA 1990). Accordingly, we dismiss this appeal and remand this cause to the trial court with directions to enter within twenty days an order in a form which is properly appealable.
In order to expedite this cause and conserve judicial energy, we note that any denial of Smith's motion should contain a statement that the movant has a right to appeal within thirty days of its rendition. Further, the clerk must promptly serve on the prisoner a copy of any order, with a notation on the order indicating the date of service on the defendant. Fla.R.Crim.P. 3.850. This was not timely done in this case as the state apparently concedes.
We note further that if jurisdiction were properly lodged in this court, we would have found Smith's claims that his plea was entered involuntarily and that his trial counsel was ineffective stated a prima facie basis for relief.[2] Thus on remand, the trial judge should either hold an evidentiary hearing or attach portions of the record to refute Smith's claims.[3] Although the state has referred to some records in its response, even if the records were attached (which they were not) the state cannot cure the trial court's failure to attach records required by rule 3.850 by attaching same in its response.[4]
DISMISSED and REMANDED with directions.
COWART and PETERSON, JJ., concur.
NOTES
[1] Fla.R.App.P. 9.020(g).
[2] See Mikenas v. State, 460 So.2d 359 (Fla. 1984); Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990); Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990); Joseph v. State, 540 So.2d 260 (Fla. 5th DCA 1989); Ward v. State, 545 So.2d 523 (Fla. 5th DCA 1989).
[3] See Kennedy v. State, 547 So.2d 912 (Fla. 1989); Gorham v. State, 521 So.2d 1067 (Fla. 1988); Squires v. State, 513 So.2d 138 (Fla. 1987); Harich v. State, 484 So.2d 1239 (Fla. 1986).
[4] Griffin v. State, 573 So.2d 979 (Fla. 5th DCA 1991); Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990).