PER CURIAM.
Defendant appeals the summary denial of his motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Defendant filed a facially sufficient motion for post-conviction relief, asserting that he received ineffective assistance of counsel in that counsel failed to advise the court and defendant of Holmes’ status as a juvenile at the sentencing proceedings, and that the trial court erred in sentencing him without fulfilling the requirements of section 39.111(7), Florida Statutes (1989). The trial court denied the motion without a hearing, but did not attach documentation showing that defendant was not entitled to relief.
Where a facially sufficient motion for post-conviction relief is denied without a hearing, the trial court must attach a copy of the files or transcripts showing conclusively that defendant is not entitled to relief. Carroll v. State, 575 So.2d 286 (Fla. 3d DCA 1991); Fla.R.Crim.P. 3.850. The trial court’s failure to observe this procedure requires that we reverse and remand to the trial court for reconsideration. See Hoffman v. State, 571 So.2d 449 (Fla.1990); Smothers v. State, 555 So.2d 452 (Fla. 5th DCA 1990).
Reversed and remanded.