944 So.2d 1246 (2006)
Sherri RENFRO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-3333.
District Court of Appeal of Florida, Fifth District.
December 29, 2006.
Sherri Renfro, Quincy, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant *1247 Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Sherri Renfro appeals the denial of her second rule 3.800(a) motion seeking additional jail time credit. Because the trial court mistakenly denied the motion on the theory that it was successive, and because the trial court has, therefore, not yet reviewed the motion on the merits, we reverse.
Ms. Renfro, who is incarcerated in the custody of the Florida Department of Corrections, filed a rule 3.800(a) motion in 2005, seeking jail time credit for time she spent in the Lake County jail prior to her Lake County conviction. The trial court granted the motion, recalculated her jail credit, and awarded an additional 29 days of credit toward the service of her sentence.
In 2006, Ms. Renfro filed a second rule 3.800(a) motion, this time seeking an additional 70 days of jail credit for time she served in the Marion County jail. The trial court denied the motion apparently laboring under the misapprehension that it had denied Ms. Renfro's first motion, and that Ms. Renfro did not take an appeal from that order.
The State argues that Ms. Renfro is barred from filing a second motion by virtue of the doctrine of res judicata, even if the second motion raises an issue different than that raised in an earlier motion. The Florida Supreme Court has specifically held, however, that rule 3.800 allows a court to correct an illegal sentence "at any time," and that "rule 3.800 expressly rejects application of res judicata principles to such motions." See State v. McBride, 848 So.2d 287, 290 (Fla.2003); see also Pleasure v. State, 931 So.2d 1000 (Fla. 3d DCA 2006).
Ms. Renfro has raised a different claim in her second motion from that argued in her first motion. As the trial court has not addressed this claim on the merits, we reverse and remand to allow the trial court to reconsider the second claim.
REVERSED AND REMANDED.
TORPY and EVANDER, JJ., concur.