995 So.2d 1142 (2008)
Eric Lamonte HINES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-2921.
District Court of Appeal of Florida, Fifth District.
December 5, 2008.
Eric L. Hines, Blountstown, pro se.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey R. Casey, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
The appellant, Eric Lamonte Hines, appeals the summary denial of his second 3.800(a) motion in which he sought additional jail credit. His first motion for jail credit resulted in his being credited with 221 days for time served prior to sentencing in the Orange County Jail. He now seeks additional credit for time served in the Polk County Jail after his arrest and detention at the request of Orange County authorities. The trial court denied the motion as successive, but without addressing the merits of Mr. Hines' argument. We conclude that it did so in error.
The second 3.800(a) motion was not an improper successive motion because it raised a different claim than that which was considered in the initial motion. Our decision in Renfro v. State, 944 So.2d 1246 (Fla. 5th DCA 2006), authorized Mr. Hines' second motion, and the trial court should, therefore, have considered the motion on the merits. Our supreme court has in this regard specifically underscored *1143 that rule 3.800(a) allows a trial court to correct an illegal sentence "at any time." See State v. McBride, 848 So.2d 287, 290 (Fla.2003).
Although the State has attached documents in a filing with this court that it claims refute Mr. Hines' allegations, the fact is that the trial court did not consider them when it denied relief on the second claim, and certainly did not attach them to its order denying relief. Cf., Griffin v. State, 573 So.2d 979 (Fla. 5th DCA 1991). Accordingly, we reverse and remand to allow the trial court to consider the merits of the second claim.
REVERSED and REMANDED.
SAWAYA and EVANDER, JJ., concur.