THORNAL, Justice.
We have for consideration appellee’s motion to dismiss the appeal because of alleged lack of jurisdiction.
We must decide whether an oral announcement quashing an information because grounded on an unconstitutional statute is appealable directly to the Supreme Court when revealed only in a transcript of a hearing on the motion to quash.
An information charged Kahler with violating Fla.Stat. § 500.151 (1967), F.S.A. The statute makes it unlawful to “possess any habit-forming, toxic, harmful or new drug * * * unless the possession of such drug has been obtained by a valid prescription * * The offense is a misdemeanor. Fla.Stat. § 500.24 (1967), F.S.A. Kahler was apprehended for “glue sniffing.” A search of his person for weapons produced a quantity of Librium, which is the trade name of a drug used as a tranquilizer. It is claimed to be a “harmful or new drug” within the contemplation of the above statute. When informed against for a violation of § 500.151 (1967), supra, Kahler pled not guilty and moved to dismiss the information on the ground that it was vague and indefinite. The trial judge dismissed the information at the end of a hearing which was steno-graphically transcribed. The judge apparently had the view that the statute was unconstitutional because he suggested that it would force an accused to testify, or to otherwise produce evidence which he held in his possession by virtue of a prescription. The only evidence of an order is the statement made by the judge at the end of the argument on the motion to dismiss. This appears in the stenographer’s report when the judge stated simply: “Motion to quash or dismissal granted. I will dismiss it. So, that’s the way it goes.”
A week later the state requested the trial judge to enter a written order of dismissal, particularly since the judge seemed to be acting on a ground not stated in the defendant’s motion. For some reason not revealed by the record the trial judge refused to enter a written order. The State then had no alternative but to seek review of the oral order announced in open court on February 8, 1968, and noted in the minutes of that date as follows :
“Counsel for the defendant presented a Motion to Dismiss the information which the court granted.
*274 “The Court dismissed the information in the above-styled cause.”
It should be noted that the minute book entry which constitutes the claimed basis for this appeal gives no indication whatsoever regarding the basis for the judge’s ruling. The State comes here because during an argument on the motion to dismiss the judge raised the question of the constitutionality of the statute. In actuality, the written motion to dismiss did not raise the question. As we shall later emphasize, a final judgment construing the Constitution or passing directly on the validity of a statute would be the only constitutional foundation for a direct appeal here.
In fairness to the state, an assistant state attorney aggressively urged, indeed insisted, that the trial judge enter a written order stating the basis for his ruling and finally concluding the matter at the trial level. This the judge refused to do. If such an order had been entered we could likely resolve the jurisdictional problem without difficulty. As it is, the matter will have to be remanded to the trial court for entry of an order and then returned here for settlement of the jurisdictional problem and ultimate disposition of the matter on the merits.
We must now dispose of the motion to dismiss the appeal on the ground that an appeal cannot be taken from an oral order or minute book entry because neither constitutes “a final appealable order.”
The state now insists here that a motion to dismiss a criminal information is appeal-able after it has been orally pronounced in open court and entered in the minutes.
In order to keep the problem in its proper perspective, we should bear in mind that the state brings this matter here by “direct appeal from the described “Order” of the trial court. Under the Constitution, Fla. Const, art. V, § 4(2), F.S.A., “Appeals from trial courts may be taken directly to the supreme court, as a matter of right, only * * * from final judgments * * * directly passing upon the validity of a state statute * * *.” (Emphasis supplied).
Regardless of the descriptive language of any statute or rule of court, the subject “Order” which allegedly passes on the validity of a state statute must necessarily qualify as a final judgment; otherwise, under the Constitution it could not be directly appealed here.
For purposes of appeal by the state under Fla.Stat. § 924.07(1) (1967), F.S.A., the statutory term “order quashing” shall mean the same as “order dismissing.” Cr. P.R. 1.190(f), 33 F.S.A. In this light an order to quash has procedurally been replaced by an order of dismissal. For appellate purposes they would appear to be interchangeable.
The effect of sustaining a motion to dismiss is summarized in Cr.P.R. 1.190(e). Much depends on whether the defendant is in custody or has been admitted to bail pending filing of a new information within a specified time. Of course, in the instant case the nebulously minimal minute entry by the clerk supplies no information on the subject. This is a further contribution to the confusion which results from the condition of this record.
On the other hand, if the judge here intended to discharge the defendant completely, he should have done so as required by Cr.P.R. 1.670, by rendering a signed written judgment to that effect in open court. There is no judgment in this record which informs us in this regard despite the fact that the cited rule appears to require the same if the judge so intended.
The state made a diligent effort to secure the required order but the judge refused. Under the circumstances it appears appropriate to proceed as we did in State v. Bruno, 104 So.2d 588 (Fla.1958). We, therefore, relinquish control of this cause to the trial court temporarily for the sole and only purpose of enabling the judge to enter nunc pro tunc, an order as required by the cited rules, as well as to state spe- *275 fically the basis on which he intended to rule. Upon receipt of a copy of this opinion, he is directed to enter an order accordingly after which a certified copy thereof shall be forwarded to this Court. • At that time the parties may request leave to file additional briefs on jurisdiction if they so desire. We will then decide the jurisdiction problem.
It is so ordered.
ERVIN, C. J., DREW and THOMAS (Retired) and CALDWELL (Retired), JJ., concur.