MANN, Chief Judge
(concurring specially).
I concur in the result for reasons which require my warning against the practice of relying on minute book entries as affecting 'appeal time.
If the question were novel, I would hold this appeal, taken before entry of a written order, to have been taken as of the date the written order was entered. The Supreme Court of the United States so held in Lemke v. U. S., 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3, reasoning that a rule providing that “Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.” Rule 3.2(c), F.A.R., says in part, “Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.” But our Supreme Court held, in Jenkins v. Lyles, Fla.1969, 223 So.2d 740, that a written order entered September 12, 1968, did not validate a prematurely taken appeal purporting to seek review of that order after oral pronouncement. The federal practice seems to me to be much more practical. See 8A Moore, Federal Practice § 37.05 [2]; Markham v. Holt, 5th Cir. 1966, 369 F.2d 940.
With regard to the effect of a minute book entry, the Florida rule is still unclear. In my view the better interpretation of the confusing case law is that of Mr. Justice Ervin, who, in State v. Kahler, Fla.1969, 224 So.2d 272, at 275, concurred specially in the allowance of an appeal from a signed minute book entry where the trial judge had made it clear that a written order would not he entered. He said, “The State should not be placed in an impossible position by this rule in respect to its right to a review. If it is apparent the trial judge within a reasonable time will enter a written order or judgment dismissing an information, the State should await the entry of such order before taking an appeal within the 30 days allowed by the rule. But if it becomes obvious, as in these cases, the trial court will do no more than orally quash or dismiss an information or direct his clerk to make a minute entry to that effect, then the State should be permitted to take an appeal from such oral or minute entry ...”
Whether the federal precedents were argued in Jenkins v. Lyles I do not know. If they were and were rejected, I would think this decision ought to stand. If not, I would think the question one of great public interest worthy of certification.
The truth is that minute books, while of interest to historians, are not the basis on which counsel in a particular case determine critical dates. These books are customarily signed • later, dated as of the *581 earlier ruling, and as a practical matter there is no way to be sure when the signature was affixed. I agree with the Court’s reasoning in Kahler, and with Mr. Justice Ervin’s special concurrence. It ought not be necessary to seek mandamus to compel the issuance of a formal order, and under those circumstances a signed minute book entry should afford a basis of appeal. But in the normal case the appealable order should be that separately written, stamped by the Clerk when entered, customarily furnished to both counsel, readily available as the evidence of critical dates. As I read the cases, such orders are still considered the basis for appellate review, and it is not open, for example, to some unsuccessful litigant to rummage around and determine that when an appeal was taken from such an order there was already a signed minute book entry more than thirty days old. That implication should not be read into Judge Boardman’s opinion.
I follow the law with some unhappiness, and would change it if I could.