467 So.2d 461 (1985)
Ronald E. RIGHTLER, Appellant,
v.
POMPANO BEACH POLICE AND FIREMAN'S PENSION FUND, Appellee.
No. 84-1798.
District Court of Appeal of Florida, Fourth District.
April 17, 1985.
Kevin F. Richardson of Clyatt & Richardson, P.A., West Palm Beach, for appellant.
Myles G. Cypen of Cypen, Cypen & Dribin, Miami Beach, for appellee.
LETTS, Judge.
Treating this matter as a petition for common law certiorari, we are asked to review a circuit court's appellate disposition of a fireman's claim for retirement benefits which he lost before the Pension Fund Board. We grant the petition.
Upon the filing of his petition in circuit court, according to Fund requirements, the fireman correctly perceived that his certiorari proceeding would be governed by Florida Rule of Appellate Procedure, 9.010, and more particularly Rule 9.030(c)(2). This latter rule, in turn, is governed by Rule *462 9.100(f) which requires the circuit court to issue an order to show cause if the petition demonstrates a preliminary basis for relief.
However, the trial court proceeded under Florida Rule of Civil Procedure 1.010, and more specifically Rule 1.420(e) and dismissed the petition for lack of prosecution after one year.
The record of this controversy reveals a classic Alphonse-Gaston scenario under which the trial court and the fireman each exhorted the other to go first. We hold it was up to the trial court to make the next move after receiving the fireman's petition and that the court violated the essential requirements of the law when it refused to do so. See Henshaw v. Kelly, 440 So.2d 2 (Fla. 5th DCA 1983).
We grant the petition and remand with directions to the trial court to proceed under Florida Rule of Appellate Procedure 9.100(f).
CERTIORARI GRANTED.
HURLEY and DELL, JJ., concur.