473 So.2d 34 (1985)
James BILLIE, Petitioner,
v.
STATE of Florida, Respondent.
No. 85-1337.
District Court of Appeal of Florida, Second District.
July 26, 1985.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for petitioner.
Robert V. Greene, Asst. State Atty., Punta Gorda, for respondent.
SCHEB, Judge.
Petitioner James Billie seeks a writ of common law certiorari to quash the circuit court's decision on the ground that it did not have jurisdiction to act. We have jurisdiction under Florida Rule of Appellate Procedure 9.030(b)(2)(B).
The state filed an information against Billie in the County Court for Hendry County on December 13, 1983. The information charged that Billie "did unlawfully take, possess, transport or sell, or attempt to engage in such conduct, an endangered species or part thereof as defined in F.A.C. [Florida Administrative Code] 39-1.04(24), to-wit: Florida Panther (Felis Concolor Coryl), without specific permit from the executive director, as prohibited in F.A.C. 39-27.02(1)." The county court orally granted Billie's motion to dismiss this charge; however, the court did not enter a written order of dismissal.
Subsequently, the state filed a notice of appeal in the circuit court seeking review of the oral order of dismissal. The circuit court, sitting in its appellate capacity, entered a written opinion reversing the county court's dismissal. After the court denied Billie's motion for rehearing or clarification, he filed this timely petition for writ of certiorari.
Billie argues that the circuit court lacked jurisdiction to hear the state's appeal, because the county court's order had not been reduced to writing. We agree.
A trial court's order is not appealable until it is rendered. Fla.R.App.P. 9.140(c)(2); State v. Wells, 326 So.2d 175 (Fla. 1976). Rendition does not occur until the order has been reduced to writing and *35 filed with the clerk. Fla.R.App.P. 9.020(g). As the state concedes, no written order of dismissal was rendered. Consequently, we hold that the circuit court acted in excess of its jurisdiction in rendering its decision. See Wells; Phillips v. Albertson's, Inc., 472 So.2d 513 (Fla. 2d DCA 1985); Grant v. State, 438 So.2d 956 (Fla. 4th DCA 1983).
We have not overlooked the state's citation to Williams v. State, 324 So.2d 74 (Fla. 1975). There, the Florida Supreme Court held that a prematurely filed notice of appeal shall not be subject to dismissal. Williams, 324 So.2d at 79. As the supreme court noted in Wells, 326 So.2d at 176, Williams does not apply where the order sought to be reviewed has never been reduced to writing.
Accordingly, we quash the circuit court's decision.
RYDER, C.J., and HALL, JJ., concur.