ON MOTION TO REQUIRE ENTRY OF WRITTEN ORDER
PER CURIAM.
In this case the state has filed a notice of its intent to appeal an order of the circuit court granting appellee Edward Bolick’s motion to dismiss charges of trafficking in cocaine, aggravated assault, and possession of drug paraphernalia. The trial court apparently has refused to enter a written order of dismissal, and so the state has requested that this court require her to do so because a written order is necessary to secure the right of appeal. Billie v. State, 473 So.2d 34 (Fla. 2d DCA 1985).[1] However, because we find that the trial court’s decision would not be reviewable under any circumstances we decline to consider the state’s motion and instead dismiss this appeal.
Bolick’s trial began on December 18, 1986. After the jury was sworn and several witnesses had testified, the state sought to introduce certain incriminating statements allegedly made by Bolick following his arrest. Bolick objected to the admission of these statements on the grounds that the state had not proven corpus delicti. See Stone v. State, 378 So.2d 765 (Fla.1980), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980). The trial court sustained Bolick’s objection. Hereafter the denouement becomes rather confusing. The court would not grant a directed verdict because the state had not yet rested *961 (although it is clear the prosecutor felt he could not continue with the trial in light of the adverse ruling), and Bolick would not agree to a mistrial. However, when Bolick orally moved to dismiss the court granted the motion. There is no written order, and the trial court expressed her opinion that the ruling might not be appealable.
An order dismissing all or part of an indictment or information is among those from which the state is permitted an interlocutory appeal. Fla.R.App.P. 9.140(c)(1)(A). Generally, however, such orders will be entered prior to trial or retrial, that is, before jeopardy has attached. See, e.g., State v. Haynes, 463 So.2d 1248 (Fla. 5th DCA), petition for review denied, 475 So.2d 694 (Fla.1985); State v. Sherrod, 383 So.2d 752 (Fla. 4th DCA 1980). Once jeopardy has attached, however, the state’s right of redress is extremely limited. For example, the state is not permitted to appeal from a judgment of acquittal. State v. Creighton, 469 So.2d 735 (Fla.1985). Neither may a defendant be retried after a mistrial is declared over his objection, except in cases of “manifest necessity” or misconduct on the part of the defendant. Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983). Although in the present case the court did not characterize its ruling as a judgment of acquittal, it served as the functional equivalent thereof. When a court has withdrawn criminal charges from consideration by a sworn jury, the effect is the same as an acquittal and further prosecution is barred. Brown v. State, 130 Fla. 479, 178 So. 153 (1938).[2]
Motion denied; appeal dismissed.
RYDER, A.C.J., and CAMPBELL and HALL, JJ., concur.

. In State v. Kahler, 224 So.2d 272, 275 (Fla.1969), Justice Ervin, concurring specially, opined that the state should be permitted to take an appeal from a minute book entry in those situations where the court obviously will do no more than orally dismiss or quash criminal charges. However, the definition of “order” in the rules of appellate procedure specifically excludes minutes or minute book entries. Fla.R.App.P. 9.020(e). We think, therefore, that the better practice is to seek relief via a motion or petition for writ of mandamus, as the state has done here.

. We do not mean to suggest that the state always should be foreclosed from appealing an adverse ruling just because a jury has been sworn. Conceivably a defendant who agrees to litigate in mid-trial an issue which should have been disposed of prior to trial, and which under normal circumstances the state would be permitted to appeal, might be estopped from complaining that a favorable ruling also necessitates termination of trial. However, because we view the trial court’s ruling in the present case as essentially a non-appealable judgment of acquittal, we are not faced with this precise question.