527 So.2d 941 (1988)
STATE of Florida, Appellant,
v.
William Robert GREEN, Appellee.
No. 87-2946.
District Court of Appeal of Florida, Second District.
July 1, 1988.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph R. Bryant, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellee.
THREADGILL, Judge.
The state appeals the order dismissing an information charging William Robert Green with aggravated battery and aggravated assault. Because we find the court exceeded its authority in ordering the dismissal, we reverse.
Green was arrested in February 1978, for aggravated assault after an incident in which he allegedly attacked his wife and attempted to stab a neighbor who came to her aid. He enrolled in the Family Violence Diversion Program, a form of pretrial intervention. Green failed, however, to complete the program and was terminated from the program. The state subsequently filed an information based on the February incident, charging Green with one count of aggravated assault, a third-degree felony, and one count of aggravated battery, a second-degree felony. The record reflects that Green then completed the intervention program.
After being informed that Green had successfully completed the program, the court sua sponte dismissed the case. The state moved for rehearing.
At argument on the motion for rehearing, the court orally denied the motion and, at some point, stamped the filed written motion "denied", and signed and dated it. There is no indication that the parties were ever informed that the motion had been denied in this manner. Nor does the record *942 reflect when this "stamped order" was filed with the circuit court. A separate written order denying the motion for rehearing was filed with the clerk of court nearly two weeks after the motion was stamped denied by the court. The state filed notice of appeal within the applicable time limits from the date of the separate written order.
The appellee contends that the state did not appeal within the time limits set forth in Rule 9.140, Florida Rules of Appellate Procedure, providing that "the state shall file the notice ... with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed." Rule 9.020(g) defines rendition of an order as the filing of a signed, written order with the clerk. The Committee Notes to the rule state that the rule was intended to encourage the entry of written orders in every case.
We realize that it is common in some circuits to merely stamp short form orders on the face of a motion, and do not condemn this practice except where it is necessary to set a point from which critical time periods may be measured. See Committee Notes to Rule 9.020(g), Fla.R.App.P. When substantial rights are at issue, however, we feel it a better practice that such critical time periods run from the time the order is made part of the public record by filing with the clerk. We note that the office of the clerk has instruments to mark the face of documents with the exact date and time of filing. We find that the court's oral pronouncement and stamped order does not satisfy the rule, and therefore that the state's appeal within fifteen days from rendition of the separate written order was timely filed.
The state argues that the court exceeded its authority in dismissing the information. We agree. In addition to the third-degree felony listed on the arrest report, Green was charged in the information with aggravated battery which is a second-degree felony. Defendants charged with second-degree felonies are not eligible for pretrial intervention under section 944.025(2). Furthermore, the statute provides under subsection (4) that "resumption of pending criminal proceedings shall be undertaken at any time ... the state attorney finds such individual is not fulfilling his obligations under this plan...." The record reflects that although Green enrolled in the intervention program after his arrest, he was terminated prior to the information being filed for failure to complete the program. We also note that it is well established that decisions concerning pretrial diversion programs are purely prosecutorial in nature and are not subject to judicial review. Cleveland v. State, 417 So.2d 653 (Fla. 1982).
We reverse the order dismissing the information and remand for further proceedings.
Reversed and remanded.
SCHOONOVER, A.C.J., and PARKER, JJ., concur.