## STATE OF FLORIDA v CHRIST

Case No. 89-18580 (County Court Case No. 009-740QW)

Thirteenth Judicial Circuit, Hillsborough County

January 10, 1990

### APPEARANCES OF COUNSEL

**Edward W. Schmoll, Esquire,** Assistant State Attorney, for appellant.

**Rudy LaRussa, Esquire,** for appellee.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

### *ORDER DISMISSING APPEAL*

THIS COURT has for its consideration the Motion to Dismiss filed by the Appellee. The basis of the Motion is the failure of the Appellant to comply with the Florida Rules of Appellate Procedure in terms of

preparing the record and filing the initial brief.[1] The Court finds these reasons for dismissal unpersuasive.

However, a close review of the record in this case reveals that the Appellant is taking its appeal from the Order of the Trial Court "rendered on the record on the 17th day of September, 1989." (R. 32) The record does not contain a signed and written Order of the Trial Court which was filed with the Clerk of the lower Court. It is clear that the Appellant is attempting to appeal the non-written Order orally announced by the Trial Court on September 27, 1989. (R. 88)

It is unquestioned under the law of Florida that an Appellate Court lacks jurisdiction to review non-written orders of a Trial Court. *Phillips v Albertson's, Inc.,* 472 So.2d 512 (Fla. 2d DCA 1985) and *Matthews v Stein,* 362 So.2d 376 (Fla. 2d DCA 1978). See also Florida Appellate Rule 9.020(g).

Accordingly, the State of Florida's appeal from the oral Order of the Trial Court is dismissed. The Clerk of this Court is hereby directed to issue its Mandate as provided by law.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 10th day of January, 1990.

---

## ORDER DENYING MOTION FOR REHEARING

On January 10, 1990 this Court entered an Order dismissing the appeal in this cause based on the fact that the record did not contain a "signed and written" Order of the Trial Court which was filed with the Clerk of the lower Court. The Appellant has filed a Motion for Rehearing asserting that the Court overlooked a certain document appearing at Page 31 of the Record on Appeal which the Appellant claims constitutes an "order" which was rendered within the meaning of Florida Rule of Appellate Procedure 9.020(g). The Court disagrees with the Appellant's contention. To construe this document as an "order" within the meaning of the cited rule would constitute a deviation from the clear language of the rule.

First, there is no indication on the document as to the date it was entered by the Trial Court. Second, there is no indication as to the date

---

[1] The Court also has for its consideration a Motion for Extension of Time to File Brief filed by the Appellant. In view of the Court's dismissal of this Appeal this Motion is moot.

it was filed with the Clerk of the lower tribunal.[1] Third, although the document shows that

the letters "DISM" have been circled, the document has not been "signed:" but merely initialed. The Court is not "splitting hairs" in making this statement in that the law is clear that the Order appealed from must be *signed. Perez v City of Tampa,* 191 So.2d 302, 303 (Fla. 2d DCA 1966).

In summation, the Court finds that the document does not constitute the type of signed, written order contemplated by Florida Rule of Appellate Procedure 9.020(g). *Accord, State v Phillips,* 507 So.2d 1170 (Fla. 1st DCA 1987) (Court of Appeals lacked jurisdiction to consider appeal taken after the Trial Court wrote "granted after hearing" on defendant's motion to suppress evidence.)[2]

The Appellant also maintains that if this Court finds that the "order" under review is insufficient, it should relinquish jurisdiction for the entry of an appropriate order. The Appellant cites *State v Kahler,* 224 So.2d 272 (Fla. 1969) for this proposition. The Court finds that *Kahler* does not apply. There is no indication that the Trial Judge refused to enter an order in this case. Moreover, in making the determination not to relinquish jurisdiction, this Court has not overlooked *Williams v State,* 324 So.2d 74 (Fla. 1975). In that case the Court found that a prematurely filed Notice of Appeal could not be subject to dismissal. However, as the Florida Supreme Court later held in *State v Wells,* 326 So.2d 175 (1976), *Williams* does not apply to a situation, as is present in this case, where the order sought to be reviewed has never been reduced to writing. *Billie v State,* 473 So.2d 34, 35 (Fla. 2d DCA 1985).

The Court has taken the time to write this order to impress upon the State of Florida that if it seeks to take a direct appeal from an adverse ruling of a County Court Judge it should insure that the Trial Judge enters a signed and written order and that this order is filed with the Clerk of the County Court as is clearly mandated by Florida Rule of Appellate Procedure 9.020(g).[3] If the Trial Court refuses to enter such

---

[1] There are three separate dates on this document. One date refers to "9/19/89." Another date refers to "Set For PreJur on 9/27/89." A third date, refers to some type of "Official Receipt Validation" by the Clerk on September 28, 1989.

[2] Obviously, the Trial Court's action of following this same procedure in this case (R. 21-22) is equally unavailing to the Appellant in conferring jurisdiction on this Court.

[3] This Court does not enjoy dismissing appeals. This Court would much rather

an order then the State of Florida has a remedy via a Motion or Petition for Writ of Mandamus to this Court to compel the issuance of a proper order which can be appealed. *State v Bolick,* 512 So.2d 960 n. 1 (Fla. 2d DCA 1987).

In conclusion, the Court would observe that the law is crystal clear:

A trial court's order is not appealable until it is rendered. (cites omitted) Rendition does not occur until the order has been reduced to writing and filed with the clerk. *Billie, supra,* pp. 34-35.

In this case the Order which the Appellant seeks to review has not been rendered.

Accordingly, the Appellant's Motion for Rehearing be and the same is hereby denied, this appeal is hereby dismissed and the Clerk of this Court shall issue its mandate forthwith to the Trial Court.

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 25th day of January, 1990.

---

dispose of an appellate case on the merits. However, the Court is governed by the Florida Rules of Appellate Procedure promulgated by the Florida Supreme Court and when those Rules have not been followed in terms of invoking the jurisdiction of this Court, this Court has no alternative but to dismiss an appeal.