563 So.2d 115 (1990)
STATE of Florida, Appellant,
v.
Mark Christian MOORE, Appellee.
No. 88-03309.
District Court of Appeal of Florida, Second District.
May 18, 1990.
Candace M. Sunderland, Asst. Atty. Gen., Tampa, for State.
Stephen Krosschell, Asst. Public Defender, Bartow, for appellee.

ORDER
We temporarily relinquish jurisdiction to the trial court and grant the state twenty days to obtain an appealable order.
In this appeal by the state, this court has been presented with a record containing the defendant's written motion to suppress. In the margin of that motion appears the following rubber stamp imprint:
MOTION HEARD, CONSIDERED AND _______ EXCEPTION NOTED THIS _______ 19__. YOU ARE ADVISED THAT YOU HAVE A RIGHT TO APPEAL THIS ORDER WITHIN 30 DAYS AFTER THIS ORDER IS FILED. __________ Judge
After the word "and" the word "Granted" is hand printed. There is no entry in the second blank. After "19" is printed "88." The blank provided for the judge's signature contains two initials which are indecipherable. The motion to suppress was filed November 10, 1988, and the transcript of the hearing on the motion indicates the motion was heard and orally granted on November 14, 1988. Other than the above imprint, no written order granting the defendant's motion to suppress appears in the record. The state files this appeal from the trial court's granting of the motion to suppress.
The case law is clear that an order is not appealable until it is rendered, and rendition does not occur until the order is reduced to writing, signed, and filed with the clerk of the lower court. Billie v. State, 473 So.2d 34 (Fla. 2d DCA 1985); Fla.R.App.P. 9.020(g). In State v. Green, 527 So.2d 941 (Fla. 2d DCA 1988), this court found that the oral pronouncement of the trial court denying a motion for rehearing and the stamped order denying rehearing did not satisfy the rendition rule. Based on that finding, this court held that the notice of appeal was timely filed from the date of the written order although it would not be timely from the date of the stamped order. In Green, this court was careful to point out that it was not condemning the practice of stamping orders as a whole, but merely in the instances where *116 the orders must establish a point from which critical time periods are measured.
That language in Green is quite applicable here. Because the stamped order in this instance is not dated and the only filing date appearing on the document refers to the date that the motion was filed, there is no means of discerning the filing date of the order, which is essential in determining whether the state's appeal was timely filed (within 15 days of the filing of the suppression order). At least in Green the stamped order was signed and dated. As established before, that is not the situation in this case.
If the state does not provide this court with an appealable order in accordance with this decision within twenty days, this appeal shall be dismissed.
FRANK, A.C.J., and PARKER and ALTENBERND, JJ., concur.