## BLAESER, SHERMAN & DENNEN CO., etc. v HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS

Case No. 91-10280 "C"

Thirteenth Judicial Circuit, Hillsborough County

October 28, 1991

### APPEARANCES OF COUNSEL

**John J. Agliano, Esquire,** for petitioner.

**John Wall, Esquire,** Chief Assistant County Attorney, for respondent.

### OPINION OF THE COURT

RICHARD A. LAZZARA, Circuit Judge.

Pursuant to the obligation imposed by Fla.R.App.P. 9.100(f),[1] the Court has reviewed the Petitioner's Petition for Writ of Certiorari and accompanying appendix. Based on this review the Court finds that it does not have jurisdiction to entertain a Petition for the reason that the Petitioner seeks review of an oral decision of the Respondent.

The law is settled that in a proceeding such as this where an

---

[1] *See also, Rightler v Pompano Beach Police and Fireman's Pension Fund,* 467 So.2d 461 (Fla.4th DCA 1985).

individual or entity is questioning the propriety of a zoning decision by a board of county commissioners by way of a petition for writ of certiorari to the circuit court, the decision sought to be reviewed must be rendered in writing, *Grady v Lee County,* 458 So.2d 1211 (Fla.2d DCA 1984), which writing may be in the form of a letter from the Board to the petitioner. *Kowch v Board of County Commissioners,* 467 So.2d 340 (Fla.5th DCA 1985). A close scrutiny of the appendix furnished by the Petitioner reveals that it contains no "conformed copy of the opinion or order to be reviewed" as required by Fla.R.App.P. 9.220 but instead contains a transcript (Exhibit "I") of the hearing before the Respondent in which the Respondent orally denied the Petitioner's rezoning request. Indeed, the Petitioner states that it seeks to have this Court issue a "Writ of Common Law Certiorari to review the decision of RESPONDENT, HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS, *rendered* September 10, 1991 (see Exhibit "I" attached hereto), denying PETITIONER's application to rezone its property, . . ." (emphasis supplied) Under the law, the oral decision announced by the Respondent as reflected in Exhibit "I" is not rendition of the Respondent's decision sufficient to confer jurisdiction on this Court. The law is clear that a decision is not appealable until it is rendered and rendition does not occur until a decision has been reduced to writing, signed, and filed with the appropriate clerk or official. *Accord, State v Moore,* 563 So.2d 115 (Fla.2d DCA 1990), *Billie v State,* 473 So.2d 34 (Fla.2d DCA 1985), and *State v Simpson,* 313 So.2d 470 (Fla.4th DCA 1975).

Accordingly, the Court grants the Petitioner twenty (20) days from the date of the entry of this order to file in the court file a written and rendered decision of the Respondent in accordance with the law.[2] If such a document is not filed within this time period then the Petition shall be dismissed. *Moore, supra.*

DONE AND ORDERED in Chambers at Tampa, Hillsborough County, Florida, on this the 28th day of October, 1991.

---

[2] Of course, if the Respondent has failed to issue a written decision or refuses to do so, the Petitioner may file an appropriate motion or petition for writ of mandamus to compel the entry of the necessary written decision. *State v Bolick,* 512 So.2d 960, n.1 (Fla.2d DCA 1987).