627 So.2d 575 (1993)
Kevin L. WEEMS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-03769.
District Court of Appeal of Florida, Second District.
December 1, 1993.
PARKER, Judge.
Kevin L. Weems appeals from a summary denial of his motion to correct an illegal sentence. Weems alleged in his motion that the trial court had not properly credited the time he spent in jail prior to sentencing. Specifically, Weems alleged that he was incarcerated in the Hillsborough County Jail from April 24, 1991, until March 17, 1992, and was entitled to 328 days credit for time spent in the jail toward his sentence which the trial court imposed on March 17, 1992. Weems contended that the trial court awarded him only sixty-two days credit for jail time served prior to sentencing.
The trial court denied the motion, finding that Weems's claim for 328 days jail credit was not substantiated by the court's records. The trial court attached a computer-generated case progress print-out which reflected, among other things, Weems's charges, sentencing date, sentence, and jail time credit. However, the trial court's order denying relief must include attachments which refute Weems's allegations that he was incarcerated from April 24, 1991, to March 17, 1992. See Phelps v. State, 561 So.2d 32 (Fla. 2d DCA 1990).
We reverse the summary denial of Weems's motion and remand this matter to the trial court. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute the allegations of Weems. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Reversed and remanded.
RYDER, A.C.J., and DANAHY, J., concur.