640 So.2d 77 (1994)
STATE of Florida, Appellant,
v.
Elizabeth SULLIVAN, Appellee.
No. 92-04696.
District Court of Appeal of Florida, Second District.
April 22, 1994.
Rehearing Denied May 27, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Donna Provonsha-Lentz, Asst. Atty. Gen., Tampa, for appellant.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellee.
LAZZARA, Judge.
The state appeals the trial court's order granting the appellee's motion to withdraw her pleas of guilty and to vacate her sentences. We dismiss the appeal.
The appellee filed her motion on October 9, 1992. On November 20, 1992, the trial court conducted a hearing on the motion and orally *78 granted it. At some point, the trial court used a standard order stamped on the margin of the motion to reduce its ruling to writing. This order reflects that the motion was granted on November 20, 1992, and contains the trial court's initials. The record reflects that this stamped order was never rendered by filing it with the clerk as required by Florida Rule of Appellate Procedure 9.020(g). No other written order was entered.
The state filed its notice of appeal on December 2, 1992. The notice was specifically directed to the order of the trial court "rendered on the record on the 20th day of November, 1992."
Based on a preliminary review of the record, we found sua sponte that the order which the state sought to appeal was a nonappealable order. We, therefore, entered an order on February 4, 1994, relinquishing jurisdiction to the trial court for a period of thirty days for the entry of a proper appealable order. We also directed the state to supplement the record with a certified copy of the order. There was no compliance with our order.
In the past, this court has been careful to point out that we do not discourage the use of a short form order stamped on the face of a motion. However, we have also made it clear that such an order should not be used when it is essential to fix a point from which crucial time periods are to be calculated for purposes of rendition under rule 9.020(g). State v. Moore, 563 So.2d 115, 116 (Fla. 2d DCA 1990). In this case, we again find that the trial court's oral pronouncement and stamped order do not satisfy the requirements of rendition. State v. Green, 527 So.2d 941, 942 (Fla. 2d DCA 1988).
As noted, we have already provided an opportunity to correct this jurisdictional deficiency, and it was not corrected. Accordingly, we have no other alternative but to dismiss this appeal.[1]See Moore.
In closing, we again remind counsel that "[a] trial court's order is not appealable until it is rendered. Rendition does not occur until the order has been reduced to writing and filed with the clerk." Billie v. State, 473 So.2d 34, 34-35 (Fla. 2d DCA 1985) (citations omitted). If a trial court fails or refuses to enter a written order that is needed for an appeal, counsel has the remedy of filing a motion or a petition for writ of mandamus with this court to compel the trial court to enter such an order. State v. Bolick, 512 So.2d 960 n. 1 (Fla. 2d DCA 1987).
Appeal dismissed.
RYDER, A.C.J., and PATTERSON, J., concur.
NOTES
[1] Even if we had jurisdiction, we do not find from the record that the trial court committed error by allowing the appellee to withdraw her pleas of guilty. Goodwin v. State, 598 So.2d 295 (Fla. 1st DCA 1992).