642 So.2d 1092 (1994)
Theodore PARNELL, a/K/a Ted Parnell, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01417.
District Court of Appeal of Florida, Second District.
July 27, 1994.
ALTENBERND, Judge.
Theodore Parnell appeals an order that denied his request for a copy of an *1093 earlier order denying postconviction relief. He also appeals the denial of his request for a belated appeal of the earlier order. The documents provided to this court do not include an order on either the earlier motion for postconviction relief or the subsequent motion. Accordingly, we dismiss the appeal and instruct the trial court to render appropriate orders on remand.
Mr. Parnell was sentenced as a habitual offender on November 13, 1991. He filed a motion for postconviction relief on November 25, 1991. The trial court has not provided this court with a copy of that motion, and the attorney general has provided only the cover page. Thus, we do not know what grounds were raised in that motion.
The trial court rubber-stamped the cover page as follows: "ORDER Motion/Petition heard, considered and _______, this ____ day of ____, 19__." The rubber stamp was filled in with the date, December 9, 1991, and signed by Judge Bob Anderson Mitcham. There is no date stamped on the cover sheet to indicate that this rubber-stamped order was ever filed with the clerk of circuit court. There is no indication that a copy of this "order" was ever served on Mr. Parnell. On its face, the order violates Florida Rule of Criminal Procedure 3.850(g) because it does not inform the prisoner of his right to appeal within thirty days. We have received a copy of a docket sheet on which the only relevant entry is an ambiguous entry concerning both the motion and its denial on December 10, 1991.
On March 22, 1994, Mr. Parnell filed a motion requesting a copy of any order denying postconviction relief and requesting a belated appeal of such an order. In the motion, he explained that he had recently learned of the December 10, 1991, docket entry, but had never received the order. Because the trial court never prepared an order, other than the rubber-stamped denial, Mr. Parnell's allegation may be correct. Nevertheless, the same trial judge denied the motion on April 10, 1994, using the same rubber stamp. On the face of the motion, someone has indicated "copies sent to SAO [State Attorney's office] and PD [Public Defender]." It is unclear whether these offices received copies of the motion or the order. Mr. Parnell apparently received this order, because he filed an appeal within thirty days, even though the order did not comply with rule 3.850(g).
Appellate courts have previously discouraged the use of rubber stamps to rule upon such motions. Smith v. State, 582 So.2d 796 (Fla. 5th DCA 1991); State v. Moore, 563 So.2d 115 (Fla. 2d DCA 1990); State v. Green, 527 So.2d 941 (Fla. 2d DCA 1988). An order is rendered when it is reduced to writing, signed, and filed with the clerk of the trial court. A rubber-stamped order on a document that has already been filed is, at best, confusing. When the document does not receive a second date stamp from the clerk, there is nothing on the face of the appellate record to establish that the order has ever been rendered. See Johnson v. State, 573 So.2d 1021 (Fla. 1st DCA 1991); cf. State v. Sullivan, 640 So.2d 77 (Fla. 2d DCA 1994) (dismissing appeal from "order" that trial court rubber-stamped on face of motion where record did not reveal that such "order" was ever rendered by filing with clerk's office).
We recognize that the rubber stamp may save a few moments of the trial court's time, but it frequently wastes time for others. The trial court must often attach documents to explain the basis for its denial of a postconviction motion. The rubber stamp results in orders that must be reversed for lack of attachments. The failure to advise a prisoner of his right to appeal also causes this court to grant belated review by way of a petition for habeas corpus. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991). Rubber stamps may have some use for pretrial motions, but they are usually inappropriate for motions filed under rules 3.800 and 3.850.
Because this record does not establish that either "order" was ever rendered, we dismiss the appeal with instructions to the trial court to render orders on both motions.
DANAHY, A.C.J., and LAZZARA, J., concur.