640 So.2d 1225 (1994)
Christopher DAVENPORT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02484.
District Court of Appeal of Florida, Second District.
August 10, 1994.
LAZZARA, Judge.
Christopher Davenport appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he sought additional credit for jail time served prior to his sentencing and a clarification of an earlier order granting him gain time.[1] Davenport's motion, although unartfully drawn, was fact-specific as to the relief he was seeking. We conclude that we must dismiss this appeal because of the procedure used by the trial court in denying the motion. We do so, however, with directions that on remand the trial court reconsider Davenport's motion and render an appropriate order we can review.
The trial court denied the motion without any attachments by using a form order rubber-stamped on the last page of the motion on which it wrote the word denied, the date of denial, and its signature. The order recited as follows:
MOTION HEARD, CONSIDERED AND Denied EXCEPTION NOTED THIS 6/7 1994. YOU ARE ADVISED THAT YOU HAVE A RIGHT TO APPEAL THIS ORDER WITHIN 30 DAYS AFTER THIS ORDER IS FILED.
 JUDGE'S SIGNATURE
 JUDGE
There is no indication in the record that this "order" was ever rendered by filing it with the clerk as required by Florida Rule of Appellate Procedure 9.020(g), and Davenport's notice of appeal was directed to an order "rendered on the 7th day of June, 1994."
We have made it clear that although the use of such a form order may be appropriately used in some circumstances, it "should not be used when it is essential to fix a point from which crucial time periods are to be calculated for purposes of rendition under rule 9.020(g)." State v. Sullivan, 640 So.2d 77 (Fla. 2d DCA 1994). See also Parnell v. State, Case No. 94-01417, 1994 WL 390754 (Fla. 2d DCA July 27, 1994) ("Rubber stamps may have some use for pretrial motions, but they are usually inappropriate for motions filed under rules 3.800 and 3.850.")
Accordingly, since the record does not reflect that the order Davenport seeks to appeal was ever rendered, we dismiss his appeal. We remand, however, with directions that the trial court reconsider the motion and render an appropriate order addressing the issues raised by Davenport. If the trial court again summarily denies the motion, it must attach such portions of the record that *1226 conclusively refute Davenport's allegations. Weems v. State, 627 So.2d 575 (Fla. 2d DCA 1993). Any party aggrieved by the trial court's subsequent order must file a notice of appeal within thirty days of rendition of such order to obtain appellate review.
Appeal dismissed; remanded with directions.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] This order was entered in response to an earlier motion to correct sentence filed by Davenport.