642 So.2d 43 (1994)
John D. GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02297.
District Court of Appeal of Florida, Second District.
August 19, 1994.
*44 FULMER, Judge.
John D. Gibson appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he claimed that the sentence imposed was longer than that agreed to in his negotiated plea. The motion also sought additional credit for jail time served prior to sentencing. Because the procedure used by the trial court in denying the motion precludes our review, we dismiss this appeal.
The trial court denied the motion without any attachments by using a rubber-stamped order on the last page of the motion. The record does not reflect that the order was ever rendered by filing it with the clerk as required by Florida Rule of Appellate Procedure 9.020(g). Therefore, the order is not appealable. Billie v. State, 473 So.2d 34 (Fla. 2d DCA 1985).
We have previously outlined the confusion caused by, and the deficiencies resulting from, the use of rubber-stamped orders. State v. Sullivan, 640 So.2d 77 (Fla. 2d DCA 1994) (dismissing appeal from "order" that trial court rubber-stamped on face of motion where record did not reveal that such "order" was ever rendered by filing with clerk's office); see also Parnell v. State, 642 So.2d 1092 (Fla. 2d DCA 1994) ("Rubber stamps may have some use for pretrial motions, but they are usually inappropriate for motions filed under rules 3.800 and 3.850.") Once again, we discourage the use of rubber-stamped orders to rule on motions when it is essential to fix a point in time from which crucial time periods are to be calculated for purposes of rendition under rule 9.020(g).
Since the record does not reflect that the order Gibson seeks to review was ever rendered, we dismiss his appeal with directions that the trial court reconsider the motion and render an appropriate order susceptible of review. If the trial court again summarily denies the motion, it must attach such portions of the record that conclusively refute Gibson's allegations. Weems v. State, 627 So.2d 575 (Fla. 2d DCA 1993).
Appeal dismissed; remanded with directions.
CAMPBELL, A.C.J., and SCHOONOVER, J., concur.