PER CURIAM.
Otis Lee Hardwick initiated this proceeding with a petition for writ of mandamus complaining that the trial court never entered a written order after orally denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. He alleges that the trial court disposed of the motion orally at the same time it entered an order regarding sentencing on remand from this court in Hardwick v. State, 677 So.2d 958 (Fla. 2d DCA 1996). To facilitate the resolution of this petition we obtained from the circuit court clerk Hardwick’s motion for postconviction relief, and confirmed that the motion was indeed denied on October 29, 1996, as he asserts, and that his pro se notice of appeal was timely filed to seek review of that denial. That notice of appeal has been erroneously included in the record of the review he seeks from the trial court’s action on this court’s mandate, for which he has been appointed counsel.
No independent summary record from the denial of Hardwick’s collateral motion has been forwarded to this court from the circuit court. Because the form of the order of denial will necessitate dismissing that appeal, we treat this petition for writ of mandamus as a summary appeal of the denial of Hard-wick’s motion and dismiss it.
Orders must be rendered in the trial court before they become appealable. See Billie v. State, 473 So.2d 34 (Fla. 2d DCA 1985). In this case, the trial court utilized a rubber-stamp affixed to the face of the motion which, when the blanks were filled in, reflects. the date of the court’s ruling, the ruling itself (in this case “summarily denied”), advice on the time limits to appeal, and the trial judge’s signature. While this procedure does not necessarily make the order incapable of being rendered, our review of the document establishes that no effort was undertaken by the circuit court clerk to render it in fact.
For several years we have been dismissing summary appeals disposed of in this fashion with some frequency, citing Gibson v. State, 642 So.2d 43 (Fla. 2d DCA 1994). The practice of using rubber-stamped denials of collateral motions has virtually ceased in this district. We are confident that we encounter this one only because it dates from almost a year ago.
Because the order from which Hardwick appeals has not been rendered, and hence is not appealable, we dismiss this appeal with directions to the trial court to enter a ren *543 dered order on Hardwick’s postconviction motion which is capable of being appealed.
ALTENBERND, A.C.J., and LAZZARA and NORTHCUTT, JJ., concur.