PER CURIAM.
Steven Sills challenges the trial court’s orders denying his motion for postconviction relief and motion for rehearing. Regrettably, the order denying the motion for rehearing is a rubber stamp of the variety that this court has disapproved for use in criminal cases, for orders which are appealable, on at least seven prior occasions, all originating from Hillsborough County, as does this appeal. See Hardwick v. State, 702 So.2d 542 (Fla. 2d DCA 1997); Washington v. State, 694 So.2d 849 (Fla. 2d DCA 1997); Turner v. State, 667 So.2d 882 (Fla. 2d DCA 1996); Parnell v. State, 642 So.2d 1092 (Fla. 2d DCA 1994); Gibson v. State, 642 So.2d 48 (Fla. 2d DCA 1994); State v. Sullivan, 640 So.2d 77 (Fla. 2d DCA 1994); State v. Moore, 563 So.2d 115 (Fla. 2d DCA 1990).
As we have said in the past, this type of order is generally incapable of being rendered — and indeed this one was not — and, if riot rendered, it is not appealable.
We dismiss this appeal and direct the trial court to respond to Sills’ motion for rehearing with a rendered order capable of being appealed.
CAMPBELL, A.C.J., and FULMER and CASANUEVA, JJ., concur.