PER CURIAM.
The employer/carrier filed a notice of appeal seeking review of what they characterize as a Final Order of the Judge of Compensation Claims (JCC) which denied a motion to dismiss for lack of subject matter jurisdiction. The documents provided to this court do not include a final order which has been rendered as defined by Florida Rules of Appellate Procedure 9.020(h) and 9.180(b)(2). Accordingly, we dismiss this appeal with instructions to the JCC to render an appropriate order.
The e/c filed the motion to dismiss for lack of subject matter jurisdiction. The JCC did not issue a signed, written order with a certificate of mailing as contemplated by rules 9.020(h) and 9.180(b)(2). Instead, the JCC has rubber-stamped the first page of the motion as follows: “ORDER The captioned ________ is hereby granted/denied. Done on _ 19 . _ Judge of Comp. Claims District ‘D.’” The rubber stamped box was filled in with information indicating that the court has considered a motion and denied it by circling the word “denied.” The JCC placed a date in the blanks and signed on the dotted line. We note that part of the rubber stamp blends with the caption of the pleading, therefore causing more confusion.
Rule 9.180(b)(2) provides that the time for invoking the jurisdiction of the appellate court runs from the time the order to be reviewed is mailed by the lower tribunal to the parties. Here, there is no certification of what date the order was mailed to the parties. Thus, this court has no reliable infor *668 mation from which to calculate the 30 day time period for filing the notice of appeal. In addition, no signed, written order has been rendered by the lower tribunal as required by rule 9.020(h).
Appellate courts have previously discouraged the use of rubber stamps to rule on motions. Parnell v. State, 642 So.2d 1092 (Fla. 2d DCA 1994); Gibson v. State, 642 So.2d 43 (Fla. 2d DCA 1994); Davenport v. State, 640 So.2d 1225 (Fla. 2d DCA 1994); Smith v. State, 582 So.2d 796 (Fla. 5th DCA 1991); State v. Moore, 563 So.2d 115 (Fla. 2d DCA 1990); State v. Green, 527 So.2d 941 (Fla. 2d DCA 1988). As stated in Parnell, a rubber-stamped “order” on the face of a document that has already been filed is, at best, confusing. Parnell, 642 So.2d at 1093.
An order is rendered when it is reduced to writing, signed, and filed with the clerk of the lower tribunal. In Workers’ Compensation cases, the order must also contain a certificate of mailing to the parties. Because the record before this court fails to establish that the JCC has rendered an ap-pealable order, we dismiss the appeal with instructions to the JCC to render a signed, written order which contains a certificate of mailing.
DISMISSED.
ERVIN, VAN NORTWICK and PADOVANO, 33., concur.