861 So.2d 1175 (2003)
Haitham Saleh SULEIMAN, a/k/a Haitham Saleh Suleinam, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1863.
District Court of Appeal of Florida, Second District.
November 26, 2003.
M.D. Purcell, Jr., of Law Offices of M.D. Purcell, Jr., Tampa, for Appellant.
COVINGTON, Judge.
Haitham Saleh Suleiman, a/k/a Haitham Saleh Suleinam, appeals the summary denial of his motion for postconviction relief. The trial court summarily denied Suleiman's motion without any explanation or record attachments. Accordingly, we reverse and remand for reconsideration of *1176 Suleiman's motion. See Fla. R.Crim. P. 3.850(d); Crawford v. State, 823 So.2d 832 (Fla. 2d DCA 2002); Terry v. State, 787 So.2d 33 (Fla. 2d DCA 2001). If the trial court again summarily denies the motion, it must set forth its rationale and attach any relevant portions of the record which support the denial.
Reversed and remanded.
KELLY, J., concurs.
FULMER, J., concurs specially with an opinion in which KELLY, J., concurs.
FULMER, Judge, Specially concurring.
I concur with the decision to reverse because the trial court erred by summarily denying Suleiman's motion without any explanation or record attachments. I write to further observe another deficiency in the trial court's order. The trial judge denied Suleiman's motion by simply writing "denied" on the face of the motion and affixing his signature and the date, after which it appears the motion was forwarded to the clerk of the circuit court for filing. While this procedure produced an order that we can consider "rendered" under Florida Rule of Appellate Procedure 9.020(h), it violates Florida Rule of Criminal Procedure 3.850(g) because it neither informs the movant of the right to appeal within thirty days nor indicates that a copy of the "order" was served on the movant. This order is akin to the rubber-stamp orders we have previously disapproved for use in postconviction proceedings on numerous occasions. See Hutchins v. State, 750 So.2d 119 (Fla. 2d DCA 1999); Sills v. State, 718 So.2d 305 (Fla. 2d DCA 1998); Hardwick v. State, 702 So.2d 542 (Fla. 2d DCA 1997); Turner v. State, 667 So.2d 882 (Fla. 2d DCA 1996); Gibson v. State, 642 So.2d 43 (Fla. 2d DCA 1994); State v. Sullivan, 640 So.2d 77 (Fla. 2d DCA 1994); Parnell v. State, 642 So.2d 1092 (Fla. 2d DCA 1994). On remand, I would encourage the trial judge to review our prior opinions and enter a written order that fully complies with the rules of court.