VILLANTI, Judge.
Roberto Cardoza appeals his convictions for possession of heroin, possession of cannabis, and possession of drug paraphernalia. After the denial of his motion to suppress evidence found subsequent to a search, Cardoza entered pleas of no contest to the charges and reserved the right to appeal the denial of his dispositive motion. We affirm.
We write to address only the State’s argument that this court lacks jurisdiction because the record does not contain a written order denying the motion to suppress. The State relies on State v. Moore, 563 So.2d 115 (Fla. 2d DCA 1990), for this proposition but unlike here, Moore involved an appeal by the State. Thus, Moore is inapposite and cannot support the State’s argument. The State’s right to appeal is set out in Florida Rule of Appellate Procedure 9.140(c)(1). When the State appeals an order suppressing evidence obtained by search and seizure, the order must be “rendered,” which means a filed, written order, for this court to have jurisdiction. See Moore, 563 So.2d at 115.
Because Cardoza, the criminal defendant below, is the appellant, this appeal is governed by Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i). The operative written order in a defendant’s appeal of an order denying a motion to suppress for jurisdictional purposes is the judgment and sentence. Further, rule 9.140(i) states that the appellate court “shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal.” The court’s ruling on the motion to suppress was properly preserved for appeal and is a ruling “appearing in the record necessary to pass upon the grounds of an appeal.” Although it would be pref *1030 erable for all orders and rulings to be entered in writing, the rule does not require that this occur in order to vest jurisdiction in this court of a defense appeal of an order denying a motion to dismiss.
Affirmed.
FULMER, C.J., and STRINGER, J., Concur.