VILLANTI, Judge.
 

 This appeal from the summary denial of Jairon Dorsey’s motion pursuant to Florida Rule of Criminal Procedure 3.800(a) is dismissed for lack of jurisdiction and remanded for further proceedings.
 

 Dorsey filed a motion to correct scrivener’s error pursuant to rule 3.800(a) to which the circuit court clerk’s office affixed its stamp reflecting an April 15, 2009, filing date. The circuit court judge denied Dorsey’s motion by writing “Denied,” his signature, and the date April 16, 2009, on the face of the motion. This perfunctory notation produced the kind of order that this court has frowned upon many times in the past.
 
 See Suleiman v. State,
 
 861 So.2d 1175, 1176 (Fla. 2d DCA 2003) (Fulmer, J., concurring and citing “numerous” cases). Moreover, because the only filing date on the order in our summary record refers to the date the motion was filed, it appears that the order itself has not been rendered; consequently, the order is insufficient to invoke this court’s appellate jurisdiction.
 
 See
 
 Fla. R.App. P. 9.110(b); 9.020(h);
 
 State v. Sullivan,
 
 640 So.2d 77, 78 (Fla. 2d DCA 1994);
 
 State v. Moore,
 
 563 So.2d 115, 116 (Fla. 2d DCA 1990);
 
 Smith v. State,
 
 582 So.2d 796, 797 (Fla. 5th DCA 1991). In spite of being directed to supply this court with a copy of
 
 *691
 
 an appropriately rendered order, the circuit court judge and clerk have failed to do so.
 

 Furthermore, even if the order had been rendered by forwarding a copy of the motion to the clerk for filing,
 
 see Suleiman,
 
 861 So.2d at 1176 (Fulmer, J., concurring), this court would be constrained to reverse because the order contains no explanation of the court’s rationale or record attachments to refute Dorsey’s claims, nor does it inform Dorsey of his right to appeal within thirty days of rendition as required by rule 3.800(a).
 
 See Walters v. State,
 
 994 So.2d 1230, 1230 (Fla. 2d DCA 2008);
 
 Gassaway v. State,
 
 993 So.2d 1186, 1186 (Fla. 2d DCA 2008).
 

 Accordingly, we dismiss this appeal and remand for entry of a final order capable of rendition and appellate review within thirty days from the date of this opinion.
 

 KELLY and WALLACE, JJ., Concur.