WHATLEY, Judge.
Jorge Perez filed a motion to vacate plea, judgment, and sentence pursuant to Florida Rule of Criminal Procedure 3.850. The postconviction court issued an order and explained simply that the court heard legal argument at a September 3, 2010, hearing, made findings on the record at that hearing, and denied the motion under the totality of the circumstances. However, the postconviction court did not attach a copy of the transcript of this hearing to its order, and the clerk of the circuit court has verified that no transcript of this hearing has been filed in the circuit court record.
The problem this court encounters with the postconviction court’s order is not unlike that created when a postconviction judge simply stamps “denied” on a motion: we are left to review a barebones order without any insight into the court’s reasoning. See Dorsey v. State, 36 So.3d 690, 690 (Fla. 2d DCA 2009); Suleiman v. State, 861 So.2d 1175, 1175-1176 (Fla. 2d DCA *567 2003). When denying a motion for post-conviction relief, the court “must provide an explanation of the reasons for the denial and attach any relevant portions of the record to support the denial.” Perry v. State, 872 So.2d 1017, 1017 (Fla. 2d DCA 2004).
Accordingly, we reverse this order. On remand, if the postconviction court again summarily denies the motion, it shall enter an explanatory order and attach relevant portions of the record to refute Mr. Perez’s claim.
Reversed and remanded.
CRENSHAW and BLACK, JJ., Concur.