PER CURIAM.
 

 In this appeal, filed on June 24, 2011, the appellant challenges the trial court’s denial of a motion to suppress evidence. The motion was orally denied on May 4, 2011, and the appellant filed a plea of guilty on May 5, 2011. A final order imposing sentence was filed with the clerk on May 16, 2011. Subsequently, the trial court issued a written order denying the motion to suppress, which was filed with the clerk on May 27, 2011. The appeal must be dismissed because the notice of appeal failed to timely invoke the Court’s jurisdiction.
 
 See
 
 Fla. R.App. P. 9.140(b)(3).
 

 “The operative written order in a defendant’s appeal of an order denying a motion to suppress for jurisdictional purposes is the judgment and sentence.”
 
 Cardoza v. State,
 
 927 So.2d 1028, 1029 (Fla. 2d DCA 2006). In the plenary appeal, a defendant may challenge the denial of a motion to suppress even where the denial was not reduced to writing and filed with the clerk of court.
 
 Id.
 
 However, a defendant in a criminal proceeding may not bring a separate appeal, which is independent of the plenary appeal from the judgment and sentence, for review of an order denying a motion to suppress. Fla. R.App. P. 9.140(b);
 
 Eady v. State,
 
 920 So.2d 1158, 1159 (Fla. 1st DCA 2006);
 
 Hunter v. State,
 
 583 So.2d 369, 370 (Fla. 2d DCA 1991). Although a written order is preferable, because it is unnecessary, a written order entered after sentencing that memorializes an oral ruling that denied a motion to suppress does not begin,
 
 *366
 
 or restart, the time to appeal.
 
 See generally Churchville v. Ocean Grove R.V. Sales, Inc.,
 
 876 So.2d 649, 651 (Fla. 1st DCA 2004) (“An amendment or modification of an order or judgment in an immaterial, insubstantial way does not restart the clock to file an appeal.”). Therefore, the appellant’s notice of appeal, although filed within 30 days of the written order denying the motion to suppress, nevertheless failed to timely invoke the Court’s jurisdiction to review the judgment and sentence. Consequently, the Court lacks jurisdiction to review the denial of the appellant’s motion to suppress.
 

 DISMISSED.
 

 DAVIS, VAN NORTWICK, and ROWE, JJ., concur.